UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIA DEL CARMEN CORTES-REYES,

    Plaintiff,

v.

ENRIQUE HERRERA CARRASCO, et al.,

    Defendants.

Case No. 2:25-cv-00323-GMN-NJK

**Order**

[Docket No. 25]

    Pending before the Court is the parties' stipulation to extend case management deadlines by 30 days. Docket No. 23.

    A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

1

relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The parties seek to extend case management deadlines by 60 days. Docket No. 25. The instant stipulation is the parties' sixth request to extend case management deadlines in this matter. *See* Docket Nos. 11 (first request), 13 (incorrectly labeled "first request"), 17, 20, 23, 25. Despite the Court previously informing the parties of the correct number of extension requests, *see* Docket No. 24 at 2, the instant stipulation incorrectly states that this is the parties' fifth request for an extension of time. Docket No. 25 at 1; *see also* LR IA 6-1(a). The scheduling order in this matter was entered on March 31, 2025. Docket No. 10. Since July 31, 2025, this is the parties' fourth request for an extension in which they submit that additional time is needed to obtain and review records, complete expert reports, and engage in meaningful settlement discussions. *See* Docket Nos. 17 at 5-6, 20 at 6-7, 23 at 6-7, 25 at 7-8. The parties fail to explain why the subject deadlines cannot reasonably be met despite the exercise of diligence beyond merely asserting that additional time is needed. *See* Docket No. 25 at 7-8; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Specifically, the parties fail to explain why the remaining three months in the discovery period is an insufficient amount of time to complete discovery. Further, the reasons provided are insufficient to establish good cause. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1180-81 (D. Nev. 2022) (holding that needing more time to review medical records, craft expert reports, and discuss possible settlement do not establish good cause); *see also* Docket No. 12 at 1-2 n.2 ("It is well-settled that the existence of settlement talks or alternative dispute resolution is generally insufficient to establish good cause for extension of the case management deadlines").

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Nonetheless, in an effort to resolve the case on its merits and as a <u>final</u> courtesy to the parties, the Court will afford the parties a 30-day extension.  The Court therefore **GRANTS** the parties' stipulation in part.  Docket No. 25.  Case management deadlines are **RESET** as follows:

- Initial experts:  February 23, 2026
- Rebuttal experts:  March 27, 2026
- Discovery cutoff:  April 24, 2026
- Dispositive motions:  May 26, 2026
- Joint proposed pretrial order:  June 25, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: December 23, 2025

_____
Nancy J. Koppe
United States Magistrate Judge